UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHEILA SEGER | * | |
|     Plaintiff | * | CASE NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| ANGELA BAKER AND | * | MAGISTRATE |
| DG LOUISIANA, LLC | * | |
|     Defendants | * | A JURY IS DEMANDED |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:    The Honorable Judges
          of the United States District Court
          for the Middles District of Louisiana

Defendant, **DG LOUISIANA, LLC**, respectfully submits this Notice of Removal of the above-captioned matter, and as cause therefore shows as follows:

1.

On October 12, 2022, the attached Petition for Damages was filed in the 21st Judicial District Court for the Parish of St. Livingston, State of Louisiana, entitled *Sheila Seger vs. Angela Baker and DG Louisiana, LLC*, bearing case number 175806, Division C.[1]

2.

Plaintiff's Petition for Damages alleges personal injuries sustained as a result of an incident that occurred on March 30, 2022 at a Dollar General store located in Denham Springs, Louisiana.[2] Specifically, Plaintiff alleges that "she tripped on a case of water that had been placed on the

---

[1] See Exhibit A, Plaintiff's Petition for Damages.
[2] See Exhibit A, Paragraph 3.

ground to hold the door open, causing her to fall to the ground injuries complained of herein."³ The Petition for Damages does not contain any information that would put Defendants on notice that the potential amount in controversy for this matter exceeds $75,000.00, exclusive of interest and costs. However, communications with Plaintiff's counsel reflect the amount in controversy exceeds $75,000.

3.

28 U.S.C. Section 1332 provides federal courts with original jurisdiction over all civil actions where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs and between citizens of different states.⁴

4.

As required under Louisiana law, Plaintiff's Petition did not specify an amount of damages sought. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1).⁵ Since Louisiana law prohibits Plaintiff from setting forth a specific dollar amount of damages, Defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.⁶ If, as in this particular case, it is not facially apparent that the claims are likely to exceed $75,000, "the district court can then require parties to submit summary judgment-type evidence, relevant to the amount in controversy at the time of removal."⁷ Once the removing party makes this showing by a preponderance of the evidence, "**removal is deemed**

---

³ See Exhibit A, Paragraph 3.
⁴ 28 U.S.C. Section 1332(a)(1).
⁵ *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927, at *2 (E.D. La. 2013), citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5ᵗʰ Cir. 2000);
⁶ *Id.*, citing *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720 (5ᵗʰ Cir. 2002); See also, *Phefferkorn v. Brookshire Grocery Company*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).
⁷ *Creppel*, 2013 WL 3490927 at *2, citing *Manguno*, 276 F.3d at 723; See also, *Phefferkorn*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).

**proper unless the plaintiffs show to a legal certainty that their recovery will not exceed the jurisdictional amount**."[8]

5.

Here, Plaintiff's Petition for Damages does not contain any information that would put Defendant on notice that the potential amount in controversy for this matter exceeds $75,000, exclusive of interest or costs. As such, on October 20, 2022, Defendant inquired as to whether Plaintiff's damages exceed or are less than $75,000. Specifically, counsel for DG Louisiana, LLC asked, "[i]f your client is seeking damages above 75k, just let us know and we can send a Request for Admission regarding the amount in controversy."[9] In response, Plaintiff's counsel responded, "It is going to be more than $75k, so just send me a request for Admission or as they say, an attorney's word is his bond and accept this email."[10] Moreover, Plaintiff's response is a clear admission that damages exceed $75,000, and there is no evidence to suggest, let alone establish to a legal certainty, that the amount in controversy is really for less than the jurisdictional amount. Therefore, the plain language of Plaintiff counsel's correspondence clearly suggests that the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.

For purposes of determining whether this Court has original jurisdiction for this action under 28 U.S.C. §1332, this Court should ignore the citizenship of Angela Baker because she is a non-diverse defendant fraudulently joined for the sole purpose of defeating diversity.

7.

---

[8] *Creppel*, 2013 WL 3490927 at *2, citing *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F.Supp. 969, 970 (M.D. La. 1995) (emphasis supplied); See also, *Phefferkorn*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019).
[9] See Exhibit B, email communication between counsel for Plaintiff and Defendant.
[10] See Exhibit B.

Fraudulent joinder can be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[11] Here, Plaintiff cannot establish a cause of action against Angela Baker as an employee of Dollar General because Plaintiff has not alleged and cannot show that Angela Baker had a personal duty toward Plaintiff, the breach of which specifically caused his damages.

8.

The Louisiana Supreme Court sets forth four criteria necessary for a store employee to be found liable for an invitee's injury.[12] The fourth factor mandates that personal liability cannot be imposed on an employee who has a "general administrative responsibility for performance of some function of the employment."[13] Rather, the employee "must have a personal duty toward the injured plaintiff, breach of which specifically has caused the plaintiff's damages."[14]

9.

Plaintiff's Petition for Damages does not contain any specific allegations that Angela Baker had a personal duty toward Plaintiff or that the breach of that personal duty caused Plaintiff's damages. Rather, the Petition asserts identical allegations of negligence against Angela Baker as were asserted against DG Louisiana, LLC.[15]

10.

---

[11] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 18 F.3d 694, 698 (5th Cir. 1999)).
[12] *Canter v. Koehring*, 283 So.2d 716, 721 (La. 1973).
[13] *Id.* at 716; See also, *Bertrand v. Fischer*, 2009 WL 5215988 at *5 (W.D. La. 2009).
[14] *Id.* at 721; See also, *Longino ex rel. JL v. Dolgencorp, LLC*, 2012 WL 314639 (finding that the Plaintiff could not establish liability on the part of a Dollar General store manager where he "fail[ed] to assert any allegations or provide any evidence that [Dollar General] delegated any duty to [the Store Manager]. Rather [Plaintiff] is attempting to place liability upon him 'simply because of his general administrative responsibility for performance of some function of employment.")
[15] See Exhibit A, Paragraph 10.

Pursuant to 28 U.S.C. Section 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"[16] On October 21, 2022, Plaintiff's counsel admitted to Defendant that Ms. Seger's damages exceed $75,000.[17] As such, removal is timely pursuant to 28 U.S.C. §1446(b)(1).

11.

Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

A. The properly joined parties to this action are completely diverse:

1. Plaintiff, Sheila Seger, is a citizen and domiciliary of Livingston Parish, State of Louisiana; and

2. DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.

B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. As is proper under Louisiana law, the petition does not specify an amount of damages sought. However, Plaintiff's counsel admitted that Ms. Seger's damages exceed $75,000.00.[18]

12.

---

[16] 28 U.S.C. Section 1446(b)(1).
[17] See Exhibit B.
[18] See Exhibit B.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

13.

The 21ST Judicial District Court for the Parish of Livingston, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

14.

Defendant prays for a jury trial on all issues.

**WHEREFORE**, removing Defendant, DG Louisiana, LLC, prays that the above action now pending in the 21ST Judicial District Court for the Parish of Livingston, State of Louisiana, be removed therefrom to this Honorable Court. DG Louisiana, LLC additionally prays for a jury trial on all issues.

**Respectfully submitted,**

*/s/ Michael L. Ballero*
TREVOR C. DAVIES (#32846)
SHANNON O. HARRISON (#26163)
MICHAEL L. BALLERO (#36793)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
tdavies@wkdlawfirm.com
mballero@wkdlawfirm.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by electronic mail and/or by placing same in the U.S. Mail, postage prepaid and properly addressed this 2nd day of November 2022.

                                              */s/ Michael L. Ballero*