**SHEILA SEGER**

CLERK OF COURT
PARISH OF LIVINGSTON

2022 OCT 12  AM 10: 27

*Kalne*

ANDY CLERK

**VERSUS**

**ANGELA BAKER AND**
**DG LOUISIANA, LLC**

**SUIT NUMBER:** 175806 **DIV:** C

**21ST JUDICIAL DISTRICT COURT**

**PARISH OF LIVINGSTON**

**STATE OF LOUISIANA**

## PETITION FOR DAMAGES

The petition of **SHEILA SEGER**, a resident of the lawful age of majority of the Parish of Livingston, State of Louisiana respectfully represents that:

**1.**

The defendant, **ANGELA BAKER**, is a resident of the lawful age of majority, domiciled in the Parish of Livingston, State of Louisiana who may be served at her place of employment, Dollar General, 33835 La Highway 16, Denham Springs, LA 70706.

**2.**

The defendant, **DG LOUISIANA, LLC,** is a foreign corporation authorized to do and doing business in the State of Louisiana, who may be served through their registered agent, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802

**3.**

On March 30, 2022, the plaintiff, **SHEILA SEGER,** was exiting the Dollar General located at 33835 La Highway 16, Denham Springs, LA when she tripped on a case of water that had been placed on the ground to hold the door open, causing her to fall to the ground and the injuries complained of herein.

**4.**

As a direct result of this accident petitioner, **SHEILA SEGER,** has suffered injuries to various parts of her body, including but not limited to her left knee, left foot, low back, neck and head, as well as other unknown and grievous injuries to the body, all causing her severe pain and suffering.

**5.**

As a direct result of this accident, petitioner, **SHEILA SEGER**, sustained damages, which include but are not limited to the following, among others to be shown at the time of trial:

A)  Past medical expenses;

B)  Future medical expenses;

**EXHIBIT A**

C)     Past physical pain and suffering;

D)     Future physical pain and suffering;

E)     Disability;

F)     Past mental anguish;

G)     Future mental anguish; and

H)     Loss of enjoyment of life;

**6.**

At all material times hereto, the case of water that was placed on the floor which caused petitioner's injuries represented an unreasonable risk of injury for the reasons alleged below, rendering the premises on which it was located defective, pursuant to Louisiana Civil Code article 2317 and 2322 thereby imputing strict liability to all persons or entities having the ownership, guard or care, custody and control thereof, for the petitioner's injuries, damages and expenses.

**7.**

At all material times hereto the property on which the defect existed was owned, controlled, and in the custody and/or in the guard of **ANGELA BAKER** and **DG LOUISIANA, LLC.**

**8.**

The defendants, **ANGELA BAKER**, and **DG LOUISIANA, LLC**, caused and knew, or should have known of said defect.

**9.**

Additionally, petitioner avers that the accident resulting in her injuries, damages and expenses was caused solely and only by the negligent conduct of defendant, **ANGELA BAKER**, and **DG LOUISIANA, LLC.**

**10.**

The defendants, **ANGELA BAKER**, and **DG LOUISIANA, LLC**, were negligent in the following particulars, among others to be shown at the time of trial:

A)     Failure to act with due care;

B)     Failure to maintain the premises in a safe condition;

C)     Failure to warn of dangerous condition of the premises of which they had knowledge;

D)     If they had no knowledge of the dangerous condition, then for failure to inspect,

**EXHIBIT A**

E) Allowing an unreasonably dangerous condition to exist on the premises when they knew or should have known that persons would be exposed thereto;

F) Operating a business under such conditions, that exposes their patrons to unreasonable danger;

G) Failure to take reasonable measures to provide a safe environment for its customers;

H) Negligent placing a case of water in a doorway

I) Failure to train it's employees

J) Other acts of negligence which are to be shown at the trial of this matter

all of which acts of negligence, among others, were the proximate cause of the accident, and petitioner's injuries, damages, and expenses.

**11.**

The defendants, **ANGELA BAKER** and **DG LOUISIANA, LLC**, are liable jointly and in solido, unto petitioner for all damages as are reasonable in the premises, plus legal interest from the date of judicial demand until paid and for all costs of this suit.

**WHEREFORE**, plaintiff, **SHEILA SEGER**, prays for judgment herein in their favor and against the defendants, **ANGELA BAKER,** and **DG LOUISIANA, LLC,** jointly and in solido, for all damages as are reasonable in the premises, plus legal interest from the date of judicial demand until paid, for all costs of this suit, and for all other just and equitable relief permitted by law.

RESPECTFULLY SUBMITTED:

**FAYARD & HONEYCUTT**

By: _____

D. BLAYNE HONEYCUTT(18264)
519 Florida Avenue SW
Denham Springs, LA 70726
Telephone (225) 664-0304
Fax (225) 664-2010
Email: dbhoneycutt@favardlaw.com
Counsel for plaintiff

**SERVICE INFORMATION:**

**Angela Baker**
Dollar General
33835 La Highway 16
Denham Springs, LA 70706

**DG LOUISIANA, LLC**
**Through its registered agent**
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA  70802

**EXHIBIT A**

FILED
CLERK OF COURT
PARISH OF LIVINGSTON

SHEILA SEGER

2022 OCT 12 AM 10:27

DEPUTY CLERK

VERSUS

ANGELA BAKER AND
DG LOUISIANA, LLC

SUIT NUMBER: 175806 DIV: C

21ST JUDICIAL DISTRICT COURT

PARISH OF LIVINGSTON

STATE OF LOUISIANA

---

## FIRST SET OF INTERROGATORIES ON BEHALF OF PLAINTIFF
## TO BE ANSWERED UNDER OATH BY DEFENDANTS

---

**ANGELA BAKER**
Dollar General
33835 La Highway 16
Denham Springs, LA  70706

**DG LOUISIANA, LLC**
       **Through its registered agent**
 Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA  70802

**PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately the following interrogatories, fully, in writing and under oath, and to serve your answers to plaintiff herein, through his attorney of record, D. Blayne Honeycutt, within thirty (30) days from service hereof, in accordance with the provisions of Article 1458 of the Louisiana Code of Civil Procedure.

You are further placed on notice that these interrogatories are deemed continuing interrogatories, requiring supplemental answers thereto in the event relevant information which would require amendment or supplementation of the answers to these interrogatories in order that they would be properly and truthfully answered, is discovered, acquired by, or becomes known to you.

In answering the following interrogatories, please furnish such information as is available to you, not merely information you now have or in within your own personal knowledge. This means you are to furnish information which is in the possession of any of your agents or attorneys or otherwise subject to your custody or control. If you cannot answer any of these interrogatories in full, please answer to the extent possible, specifying the reason for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion.

### INTERROGATORIES

1.    Please state the name of the party or parties who will be answering these Interrogatories on behalf of the defendants.

**EXHIBIT A**

2.  Please state whether you or anyone in your employer are acting on your behalf has conducted or caused to conducted, an investigation of the accident of March 30, 2022 in which **SHEILA SEGER.** was injured.

3.  If you answer to the foregoing Interrogatory is in the affirmative, please give the following information:

    a.  Please list the number of investigations taken;

    b.  Please give the name, address and title of the person or persons conducting said investigation or investigations;

    c.  The name and address of each and every person associated with the investigation or investigations; and

    d.  Please state when said investigation commenced and the date said investigation was completed.

4.  Regardless of your answer to the foregoing Interrogatory, or any part thereof, please state whether or not you or anyone in your employ, or acting on your behalf, has taken any type of statement, whether oral, written or recorded, whether transcribed or not, of any person relative to any facts or any other matter arising out of or connected in any way with the accident sued on herein. If so, please identify each statement.

5.  Please state whether or not you or anyone in your employer are acting on your behalf have taken any photographs or video of anything connected with the accident herein sued upon.

6.  Please identify each and every person who you may or will call to testify at the trial in these proceedings and state the nature of the facts concerning which you expect to have each person testify.

7.  Please identify each and every person who actually saw all or part of the accident, or who has knowledge of any facts pertaining to the accident in question.

8.  Please state whether or not there was in full force and effect on March 30, 2022, by the payment of premiums or otherwise, a policy or policies of liability insurance wherein **ANGELA BAKER,** and **DG LOUISIANA, LLC,** was "insured" as defined by such policy.

9.  If your answer to the foregoing Interrogatory is in the affirmative, please give the following information:

    a.  The name, type and exact number of such policies;

    b.  The exact name and address of each and every insurer, underwriter or otherwise issuing said policy of insurance;

    c.  The number of each and every policy of insurance;

    d.  The effective date of coverage of each policy of insurance;

    e.  The exact name and each and every insured under each and every policy; and

    f.  The applicable policy limit of coverage on each and every such policy.

                                        RESPECTFULLY SUBMITTED:

**EXHIBIT A**

FAYARD & HONEYCUTT

By:_____
   D. BLAYNE HONEYCUTT(18264)
   519 Florida Boulevard
   Denham Springs, LA 70726
   Telephone (225) 664-0304
   Fax  (225) 664-2010
   Email:  dbhoneycutt@fayardlaw.com
   Counsel for plaintiff

PLEASE SERVE WITH PETITION

EXHIBIT A

PARISH OF LIVINGSTO

2022 OCT 12  AM 10: 27

*[signature]*

DEPUTY CLERK

**SHEILA SEGER**

**VERSUS**

**ANGELA BAKER AND DG LOUISIANA, LLC**

**SUIT NUMBER:** 176804 **DIV:** C

**21ST JUDICIAL DISTRICT COURT**

**PARISH OF LIVINGSTON**

**STATE OF LOUISIANA**

---

### REQUEST FOR PRODUCTION OF DOCUMENTS

---

**ANGELA BAKER**
Dollar General
33835 La Highway 16
Denham Springs, LA 70706

**DG LOUISIANA, LLC**
    **Through its registered agent**
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

Plaintiff, **SHEILA SEGER**, through undersigned counsel, hereby request defendant, to produce and permit plaintiff or their duly appointed agent or attorneys, to inspect and copy within thirty (30) days of service of this "Request for Production", at the offices of Fayard & Honeycutt, 519 Florida Avenue SW, Denham Springs, Louisiana, the following documents, in accordance with the Louisiana Code of Civil Procedure. In the alternative, and subject to respondents' stipulation of the authenticity of all documents produced, respondents may furnish copies of the requested documents.

### DEFINITIONS AND INSTRUCTIONS

1. The term "document" whether singular or plural shall mean any writing whether handwritten, typed, printed or otherwise made, any drawing, graph chart, photograph, phone record, or other information from data compilations or processing equipment from which said information can be obtained or retrieved and shall include originals, copies and drafts o-f all correspondence, telegrams, teletypes, agreements, contracts, studies, counter letters, reports, memoranda, electronic recording, minutes, journal entries, diaries, inter-office memoranda, appointment books, notes, notations, work papers, book accounts, ledgers, transcripts, newspaper clippings, affidavits, sketches, pamphlets, brochures, financial statements, summaries, canceled checks, promissory notes, statements and all other writings of any kind which are or were in your possession, custody or control or known by you to exist or have existed. Any draft or copy of a document having thereon or attached thereto any alterations, notes, comments or other material not included in the original document subject to production shall be deemed a separate document

**EXHIBIT A**

also subject to production.

2.  The term "you" shall mean the person or entity upon which this request is served and other persons or entities action or purporting to act on your behalf, including, but not limited to, bookkeepers, attorneys or other agents having possession, custody or control of documents called for by the within demand.

3.  Without limitation of the term "control" as sued in paragraph one (1) above, a document is deemed to be in your control if you have actual possession or access to the document. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, you must produce the document or identify the person who has possession or custody of the document. If any document was but is no longer subject to your control, state what disposition was made of it, by whom, to whom and the date or dates or approximate dates on which such disposition was made and why.

4.  The terms "person" means any natural person, corporation, partnership, sole proprietorship, association, institute, government subdivision, joint venture, trust, firm or other entity, irrespective of whether privately or publicly owned or controlled, for profit or not for profit, or partially for fully government controlled.

5.  The terms "and" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these request any document or information that might otherwise be construed to be outside the scope.

6.  If any portion of any document is responsive to any demand, then the entire document must be produced. Documents produced pursuant to this demand shall be produced in the order in which they appear in your files and shall not be shuffled or otherwise rearranged. Documents that in their original condition were stapled, clipped or otherwise fastened together shall be produced in such form.

7.  If you have any questions regarding the scope, meaning or intent of the demands for documents, please contact the attorney whose name appears on this request.

8.  For each document or portion thereof withheld under a claim of privilege, please fully identify the document by the parties named therein, the date, the number of pages, the subject matter and the identity of its current custodian, specifying the nature of the claimed privilege and the paragraph(s) of this demand to which the document is responsive, stating the facts giving rise

**EXHIBIT A**

to the claimed privilege, and identifying each person to whom the document or its contents, or any part thereof, as been disclosed.

<strong><u>DOCUMENTS REQUESTED</u></strong>

1.  Produce each and every exhibit, document or other writing which you intend to use or introduce as evidence at the trial of this matter.

2.  All statements taken, whether transcribed in writing or not taken in connection with the plaintiff's accident.

3.  All photographs and video taken in connection with the plaintiff's accident described in his Petition for Damages.

4.  All reports, statements, documents or written material in your possession in connection with the plaintiff accident described in his Petition for Damages.

5.  Any and all accident reports in connection with the plaintiff's injury as detailed in his Petition for Damages.

6.  For the year 2021-2022 produce and identify a copy of each and every policy of insurance insuring any party to this suit as a result of the claim for damages as described in detail in the plaintiff's petition. This includes, but is not limited to, all policies of insurance identified in Interrogatory Numbers 9 and 10 of Plaintiff's First Set of Interrogatories propounded to you.

RESPECTFULLY SUBMITTED:

FAYARD & HONEYCUTT

By: _____
   D. BLAYNE HONEYCUTT(18264)
   519 Florida Boulevard
   Denham Springs, LA 70726
   Telephone (225) 664-0304
   Fax  (225) 664-2010
   Email: dbhoneycutt@fayardlaw.com
   Counsel for the plaintiff

<u>PLEASE SERVE WITH PETITION</u>

<strong>EXHIBIT A</strong>